FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

2008 JUN -6 PM 12: 25

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

RAYVON BOATMAN,

Plaintiff,

vs.                               Case No. 2:08-cv-175-FtM-34SPC

SECRETARY, DOC; A. JOHNSON,

Defendants.

_____

### ORDER OF DISMISSAL[1]

This matter comes before the Court upon initial review of the file. Plaintiff, who is currently confined within the Florida Department of Corrections at Charlotte Correctional Institution initiated[2] this action on February 25, 2008, by filing a *pro se* handwritten pleading entitled "General Affidavit" in which Plaintiff complains about various alleged constitutional violations (Doc. #1). Plaintiff attaches to his General Affidavit 15 pages of exhibits, mostly copies of grievance forms submitted to prison officials concerning his various and numerous objections to the conditions of his confinement. Consequently, the Court construes the pleading as a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint"). Local Rule 1.03(e) permits the Court to *sua*

---

[1]This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically. However, it has been entered only to decide the matters addressed herein and is not intended for official publication or to serve as precedent.

[2]An action is commenced in federal court by the filing of a complaint. Fed. R. Civ. P. 3.

*sponte* dismiss any prisoner case "if the filing fee is not paid or if the application [to proceed *in forma pauperis*] is not filed within 30 days of the commencement of the action." Notably, Plaintiff did not accompany the filing of his Complaint with a request to proceed *in forma pauperis* or with the requisite filing fee ($350.00).

Generally, the Court would require Plaintiff to file an amended complaint on the approved form, and direct him to complete an affidavit of indigence so that the Court could determine whether Plaintiff is exempt from an initial filing fee in this matter. Here, however, the Court takes judicial notice of Plaintiff's prolific filings[3] as well as the following dismissals of Plaintiff's previous civil rights actions on the basis that they were frivolous, malicious, or for failed to state a claim upon which relief could be granted.

> Boatman v. Crosby, et al., Case No. 3:05-cv-590, U.S. District Court, Middle District of Florida, Jacksonville Division, Order of Court dated May 8, 2006 at 10, ¶3 (dismissing state case removed to federal court "as a malicious abuse of the judicial process");
>
> Boatman v. Crosby, et al., Case No. 4:05-cv-33, U.S. District Court, Northern District of Florida (dismissing complaint as malicious);
>
> Boatman v. Crosby, et al., Case No. 3:05-cv-201, U.S. District Court, Middle District of Florida, Jacksonville

---

[3]As of the date of this Order, Plaintiff has filed approximately 60 prison condition and civil rights cases in federal court. See http://pacer.uspci.uscourts.gov.

Division (dismissing complaint as an abuse of the judicial process");

Boatman v. Crosby, et al., Case No. 4:04-cv-426, U.S. District Court, Northen District of Florida (dismissing complaint for failure to state a claim upon which relief could be granted);

Boatman v. Sanders, et al., Case No. 4:97-cv-467, U.S. District Court, Northern District of Florida, (dismissing complaint for failure to state a claim upon which relief could be granted).

Plaintiff's "three strike status" has also been recognized by the United States Court of Appeals for the Eleventh Circuit. See Boatman v. Crosby, No. 05-13867-C (11th Cir. Nov. 22. 2005).

It would be futile to direct Plaintiff to file an amended complaint and/or an affidavit of indigence so that the Court could determine whether Plaintiff should be permitted to proceed *in forma pauperis*. In light of Plaintiff's "three strike" status, and since Plaintiff does not allege, and the Court does not find, that Plaintiff is under imminent danger of serious physical injury, this action will be dismissed without prejudice. To the extent that Plaintiff wishes to prosecute this action, he must file a new civil rights complaint form and pay the $350.00 filing fee in its entirety <u>at the time of filing</u>.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff's Complaint (Doc. #1) is **DISMISSED,** without prejudice.

2. The **Clerk of Court** shall enter judgment accordingly, terminate any pending motions, and close this file.

**DONE AND ORDERED** in Fort Myers, Florida, on this 6th day of June, 2008.

_____
MARCIA MORALES HOWARD
UNITED STATES DISTRICT JUDGE

SA: hmk
Copies: All Parties of Record